All right. Our final case this morning is 20-6062 Tice v. Dougherty. And for the appellant is Ms. Riley. You may proceed. Thank you, Your Honor. May it please the Court, my name is Taylor Riley and I represent Appellant Sheriff Charlie Dougherty in his individual capacity in this Qualified Immunity Appeal. This case is about Dougherty's termination of Ms. Sabrina Tice's employment as a Lincoln County Sheriff's Office Deputy. Tice alleges essentially that this termination was in violation of her First Amendment right to political association. We're challenging the District Court's denial of Dougherty's motion for summary judgment on two grounds. First, that the District Court improperly held that the facts as found in the underlying order were sufficient to show that the Sheriff violated Ms. Tice's First Amendment rights and so the Court erred in denying him Qualified Immunity. Also, the District Court improperly held that the law was clearly established under the facts in the case and therefore the District Court also erred in denying him Qualified Immunity in that regard. Regarding the first instance, specifically the District Court found that no reasonable jury could determine that the Sheriff did not violate or terminate Ms. Tice and that there was no motivation regarding her political allegiance to her husband. The firing that happened the day after the election, so there's a close temporal proximity to arguably a political context. Isn't that substantial prima facie evidence of political, as a motivating factor for the termination here? Our position is that no, it's not, Your Honor. First, because close temporal proximity alone is not enough. Also, because the District Court noted other factors such as the undersheriff allegedly harassing Ms. Tice regarding the campaign and also noted that the undersheriff relied on his recommendation to terminate her. Don't we have to accept the District Court's findings on that? So that would be temporal proximity plus political harassment. So that's two things, right? What was the second, Your Honor? I'm sorry, I couldn't hear you. Mr. Donaldson's encounters with her prior to the election. And I'm not disputing those, Your Honor. I'm just saying they're not enough. And specifically because the court also found that there was sufficient evidence supporting the Sheriff's termination of Ms. Tice. It simply noted it was not enough because she disputed that certain misconduct that she is alleged to have done that she didn't do. Our position here, Your Honor, is that whether or not she did the conduct and whether or not it's disputed that she did, it is basically irrelevant. What matters is whether the sheriff was informed of that, which that is undisputed. Those instances included comments on Facebook, which essentially called the sheriff's office staff fees for stealing campaign signs and comments made during a manhunt. Those she admitted to making comments in that in that nature on Facebook. And that counsel, those are facts. And yes, and you're you're disagreeing with those facts. How many facts does it take for you to agree? I mean, he fired her the day after the election was over. And as I understand the record, he commented that fired her during the election would have looked bad. Would those two not by themselves be sufficient to show that there was a discriminatory reason in this matter? And to be clear, I'm not disputing or arguing the facts that the district court found. I'm assuming those for the purposes of qualified immunity, but as to your question, even if that is the case, there is a third element in First Amendment retaliation claims where the defendant can produce evidence showing that he would have fired a mistyce, regardless of any motivation related to her political association. In that regard, the district court found that there was that evidence and it was sufficient. However, that some of those instances that evidence was disputed. And my position here is whether or not it was disputed to have occurred is not relevant because what matters is what the sheriff relied on. I'm sorry. Go ahead. My easy question. Did Miss Tyson's position require political allegiance to the sheriff? Sorry, Your Honor. No, we're not saying that it did. It sounds like you're not contesting the district court's factual finding, but that you maybe are wanting to add some facts to it. Is that a fair statement? I think maybe the district court left some facts out. I would say that's one way to view it. I don't want to say that I'm adding facts because all of these were addressed at summary judgment, of course. My position is that the instances of misconduct that the court said were disputed, it was not disputed that the sheriff was informed of those. So whether or not they occurred, which is what Miss Tyson did dispute, is frankly irrelevant. The fact is he was told that by people he trusted and her immediate supervisor on three different occasions recommended her termination of individuals from other law enforcement agencies, including the DA's office. And there were other instances that the district court specifically noted in the order that she, for instance, spoke illy of the Lincoln County District Attorney's Office, that she was surreptitiously recording conversations among staff, that she made the Facebook comments. All of those, those alone would have been sufficient evidence to fire her. But the ones that the district court said were also disputed, whether or not they occurred, it is not disputed that the sheriff was informed that. He believed it. He believed it was causing issues in the office. He saw that it was affecting morale among the staff. He saw that it was, and this is noted in the order, affecting Mrs. Tyson's ability to do her job, according to Stover, as was informed to him by the sheriff. The sheriff, the Stover informed the sheriff. And finally, those were the reasons that he ended up terminating her. To clarify, in essence, the dispute here is the district court said there was not sufficient evidence to say, or I'm sorry, that a reasonable jury could not say that he would have fired her regardless. And we're saying it improperly relied on a dispute about conduct occurring when that dispute of the conduct occurring. We're not saying whether or not it did. We're saying it doesn't matter if it did. He was told that and that's not disputed. We're also appealing based on the clearly established prong of qualified immunity. In that regard, the district court held that it was clearly established at the time that the sheriff fired Mrs. Tyson that you couldn't fire a, relying on one case, Jansen, that you couldn't fire a deputy sheriff for purposes of political patronage. That case, it is our position, does not clearly establish the law under the facts here, which are the circumstances that Doherty, Sheriff Doherty believed and that he knew were occurring in this case, instances of misconduct. That the district court specifically listed in the order, such as the Facebook comments, the surreptitious recording, the instances of our bad mouthing the Lincoln County District Attorney's Office, as well as those that the sheriff was informed of, but that Mrs. Tyson disputes and that the district court noted those were disputed. So she mostly denies the conduct, right? Except maybe a concession about making a statement about the district attorney's office. That and she admitted to a few Facebook comments about sheriff's office deputies stealing signs. So to the extent that they're disputed, can we really consider the disputed facts in determining whether it's clearly established? Don't have to go with what everybody agrees on or what the district court found. I would say for clearly the clearly established 1 going with just those facts. It is not clearly established that he would have had no to share duty that firing her would have violated her constitutional rights. My position is also that with those facts, as well as the ones mentioned, because the dispute is to whether or not she actually did those actions, there is no dispute as to whether he was told that she did and believed it. And that those can be considered as well. The Jansen case is distinguishable here, and that's the case again at the district court relied on because Jansen involved a sheriff who ran for a sheriff's deputy who ran for office and he was fired because of that. But it's also involved just 2 sheriff's deputy and a jailer that supported that campaign in that case. It was determined that their positions do not require political loyalty and that terminating them for. Supporting the campaign was indeed a violation of their constitutional rights because the sheriff specifically in meetings said that that their positions required political loyalty. And anyone who did not support his campaign and was not loyal to him would no longer be in his pleasure as as a quote goes in that order. Also, do you have any do you know of any cases where it was a political campaign case like this, but the person who was terminated was not terminated per se as a result of a lack of political loyalty but for. But that their conduct surrounding the race caused them to not be able to work with people within the office. Um. Was terminated for that reason, right? So I guess my hypothetical would be that in this will let you use this plaintiff as a hypothetical plaintiff and change some things about it. Some facts that I don't know are present here, but this plaintiff her husband was running and she was saying hurtful things about the sheriff in public and criticizing sheriff's department employees on Facebook and they all knew about it. And it caused her demeanor to change at the office in such a way that the other officers were having a difficult time working with her. And so she was terminated for that reason. Do you know of any cases like that? No, not in specific regards to a campaign. Someone supporting a campaign. No, I don't, which is why I think this is clear that it's not clearly established. Specifically, Jansen, for instance, specifically noted that they were. The office was running smoothly and effectively performing their jobs, which, of course, was not the case here. If there are no further questions, I'd like to reserve my remaining time for rebuttal. Let's hear from. Mr Hunt next. Thank you, Your Honor. James Patrick Hunt for the belly. Sabrina ties. I'll try to keep it simple here. The following facts are undisputed. Sabrina Tice was married to John Tice. Sabrina Tice was employed by a sheriff. John Tice ran against Sheriff Doty for the office of Lincoln County Sheriff. Sabrina Tice, while off duty, did support her husband's candidacy. Five under Sheriff Tim Donaldson harass plaintiff about her support of her husband while she was at work. Both by leaving a flyer on her desk and. And a second time while she was at a campaign event photographed her, I believe, followed her there and then sent her a text of her own fair photograph that read, quote, no loyalty, shameful and embarrassing. Guess you didn't abstain from campaigning after all. Unquote. The seventh undisputed fact is John John Tice lost that race and then ate the day after John Tice lost that race. Sheriff Doty terminated her now. If you look at the order at page one, which I'm sure you have. Judge Russell wrote, in part, the court views the facts and all reasonable inferences in light most favorable to the non moving party. He cited the 10th Circus decision in Williams versus FedEx Corporation 2017 opinion. And I think the key language of his order. Is on Page six. He wrote, as noted, defendant could avoid liability by establishing by a preponderance of the evidence that he would have terminated her association. With the opposition in the election to be certain defendant has presented evidence that would support terminating plaintiff. Although, ironically, nothing was apparently said to plaintiff during the 18 month period. Nor was she subjected to any discipline for her alleged behavior is set defendants evidence is not undisputed certain of the evidence may be hearsay and the jury is the proper body for assessing the credibility of the witness. Upon consider upon consideration of the evidence presented in the light most favorable to the plaintiff. The court cannot say that any reasonable jury would find the defendant would have taken the adverse action, even in the absence of plaintiff support of her spouse in the election. Counsel's argument, if I understood it correctly, is that. Well, it doesn't matter. If, if, if Sabrina ties did those is the sheriff already believe she did those things. The problem with that is There's no record that he he was told those things. There's no record that he quote believe those things. These allegations were were made. The Pretty much mostly with affidavits that were filed and attached to emotion for summary judgment was filed. There's not a trace of evidence of any paper documentation no emails no memorandums discussions with Sabrina ties that they had disciplinary issues with her. And so I think that the court used the term ironic I would use the term dubious to to to suggest, and I think a reasonable jury would find that those things those complaints weren't made. Okay. And if the complaints weren't made. The record on Whether The sheriff demanded Loyalty to him and that she was fired because she was disloyal. What's, what's the No record of evidence on that. Is there is there evidence of that. Yeah. What's your, what's your view, the evidence that would support that. There's not there's there's not a direct No, there's no smoking gun. There is no there is no statement from the sheriff saying I demand loyalty. There is no email from the sheriff saying I demand loyalty. There is evidence, of course, the undershare was essentially the second in command. That's in the record. It's not disputed that he sent the text saying no loyalty. Why would, why would Jansen the I would Jansen then clearly establish The principle that you're trying to apply here. It's the general principle that you you Jansen, I think he demanded it openly. Right. Okay. And the argument I've made on appeal in my response brief is Is It doesn't make any difference if you're quiet about it. You see what I'm saying, Jansen, there was a direct I believe there was a direct threat and a direct request. What went on here is essentially the same thing. He just never. He just never gave voice to it. Okay. Jansen still applies. Because the result is the same. You didn't you weren't loyal to me. You were loyal to another candidate and the day after the election. We need to make fire. Even though because On that point share I didn't quit. That's the question tree. We for Jansen to apply. We need to make the inference that Doherty required loyalty and because he didn't believe she had it. He fired her It doesn't have to be limited to Jansen. But yeah, the stream of cases says it was Mason and others. They're referenced in the brief around re judgment. You cannot require political loyalty, unless it's a job. That requires loyalty and that that involves controlling budgetary issues on so forth. That was not raised in this case, the defendant never argued guilty was required. What is your most compelling This isn't clearly established or that this is clearly established. I'm sorry. Hold one minute. Okay. I think it would be. Well, it's all of them. It's Mason versus Oklahoma turned by Francia versus white NAACP versus button, which is a Supreme Court case. And, and I'll add to that even even the even the the Lincoln County Sheriff's the record. They basically acknowledge the law. That if someone's off duty, they, they, they can They can can campaign for someone else. They can vote for someone else. I mean, the argument that we weren't aware. We couldn't do this. I don't think it's ever been credible because it's it's in there. What's essentially written in Jansen and these other cases is encapsulated in the Lincoln County Sheriff's office offices written policy. And, and I'll add I respectfully what what the defendant is doing in this case. Is they're trying to say that Jansen another case law doesn't apply, but in making that argument, they're changed. They're not accepting the facts as Asserted by the plaintiff and is asserted by the district court or is down by the district court. They're switching the facts. To take it out of the Jansen realm and say, well, we thought it was okay to terminate somebody for writing unpleasant things on Facebook. For for For for saying for for saking a critical comment of a Lincoln County district attorney's office. I'm going to segue a bit on that Lincoln County district attorney's office. Issue and this is addressed in my response brief at the district court level. She she acknowledged in part in her deposition Sabrina ties did acknowledge in part that she had. I think she used the word dumb blanks. I'm not going to say the entire word She did say something critical of the Lincoln County district attorney's office because they had filed charges against The timing of that is very significant because she she did make critical comments of them before for Lincoln County Sheriff's Office so If that indeed is a termination offense or if it's even a disciplinary offense. It's an offense that Matt that would make it appropriate issue a letter of reprimand that could have been done then. Okay. Before her husband ran for office. So the fact that she used the term Dumb, dumb butts or whatever to refer to Lincoln County. District Attorney's Office before her husband ran for office that that somehow many, many months later constituted a reason to terminate her Coincidentally, the day after her husband lost the election. It just doesn't add up and I it should be understandable, particularly when the when the law requires that we View the facts and all reasonable inferences in the light most favorable to the non moving party. I think it should be pretty clear why Judge Russell was skeptical about those assertions. Again, nothing was documented no emails, no written complaints, nothing until after the lawsuit was filed. I'll add that And I've addressed this in the brief, but I'll just go ahead and make a quick note about it here. The defendant filed some they cited some case law plumb off. Scott cases of Supreme Court decisions that have to do with the context of the Fourth Amendment, where they did indeed. Issue. Language to the appellate court saying don't define Don't define the law at too high level of a too high level of generality. Okay, that does not apply here. Okay, those are those cases are addressed Fourth Amendment use of force, so on so forth. It's a different arena and First Amendment Association and Mason Frankie Dickinson Jansen type cases. I think that's all I have. I think this issue is actually not that complicated. I stand by what I said before, I believe. Respectfully that the sheriff has argued facts while pretending not to argue. And so I stand by what I said at the beginning, because they have done that. I don't think that this court really has jurisdiction. I stand by that argument. That's all I have for now. If you have any questions. Council appreciate that. Thank you. In response to the We're also giving plaintiff the presumption that's required for purposes of qualified immunity appeal. Specifically, specifically, however, the district courts air in regards to the First Amendment violation is that it appeared to rely on the fact that Miss ties claims that some of the alleged misconduct was Didn't occur and it was simply undisputed that the sheriff was told about that. And it was what he believed occurred that he relied on as well as the instances that the district court did find occurred. Regarding the clearly established law Jansen is again distinguishable because there was a sheriff's office that was running smoothly. They were doing their jobs. He told them that he was going to fire people for Campaigning against him. The other cases are also distinguishable. I'm specifically going to look at Francia, which again had similar Issues in regards to the sheriff saying why he would fire and then also had involved a political party and Dickinson was similar Here we don't have any law that says when there is misconduct specifically the misconduct identified by the district court in its order occurring that a sheriff who knows that's the case. Is would have noticed that he would violate Miss Tice's rights by firing her for those reasons. In other words, there's no case that's particular lies to the facts that the district court found here and those reasonable facts that apply to plaintiff and that Clearly establishes the law in that regard. Are there any further questions, Your Honors. Council. Seeing none. Your time is almost expired and we appreciate your attendance. You are excused case will be submitted and